*249 OPINION of the Court, by
Judge Owsley.
Brin-ker, the defendant in error, having purchased at a sheriff’s sale under an execution ágainst the estate of Teney Hancock, one ot the plaintiffs in error, á lot in the town bf Newcastle, the title of which was in the trustees- of said town ; and having obtained a deed of conveyance therefor from the sheriff, exhibited his bill in chancery, making the trustees, Hancock and those through whotri Hancock derived his interest in the lot, defendants ; and obtained a decree for the trustees to convey him the lot : to reverse which decree Hancock, &c. have prosecuted this writ of error.
And a bill in equity will not lie on behalf ct the purchafer at jhcrifF’s fale to completé the title — Accord. JiuSoid’vs. Ha-jordi v(»l* T, 305 — Allen •vs. ¿tínaen. vol. 2, 94— Tbi-mas vs. Ma>¡ball) Hard ⅜1.
The question for decision in this cause is, had Hancock such an interest in the lot as was liable to be sold-under an' execution ?
It has been heretofore repeatedly held, and the doctrine is now considered as incontrovertibly settled, that an equitable interest in land is not liable to be sold by an execution. It was, however, contended in argument that this case should form an exception to the rule, because, although the legal title is in the trustees, Hancock held the lot under a deed of conveyance. We are of opinion, however, the circumstance of a deed having been given to Hancock for the lot by a person not holding the legal title, cannot affect the case. His interest is still but an equity. It is the same as if he held a bond for a title. And it is not the description of evidence by which his interest is proven, but the degree of that interest, which determines its liability to an execution. The interest, therefore, held bv Hancock in the lot, being but an equity, was not liable to be sold by the sheriff, and consequently Brinker did not acquire such a right under his purchase as will authorise a de-c " : against the trustees for a conveyance.
The decree, therefore, is erroneous, and must be re-' Versed with costs.