OPINION OF THE COURT — by the
Hon. J. R. NICHOLSON.
This is an appeal from the cirouit court of Franklin county, second district. It is an action of debt, brought on the bond of the defendant as security of Daniel Farnham, administrator of Stephen Owens, deceased.— The breaches are set out in the declaration, and the one on which the plaintiff relies for a recovery, is the non payment, by the administrator Daniel Farnham, of two judgments; one for ,f244.41, and the other for $126, obtained in the circuit court of Franklin county, at the April term, 1827, in favor of John N. Helm, against said’Farhnam, as administrator as aforesaid.
Two questions are raised by the bill of exceptions for the consideration of the court:
1. That the defendant offered, in evidence, an administration account of Daniel Farnham, administrator of Stephen Owens deceased, and no evidence was offered, to prove that said account ever was acted on by the county and probate court; but the plaintiff offered to prove, negatively, by the register of the orphans’ court, that said account never had been acted on by the said county and probate court; but the. court refused to ad-jnit the proof.
*503 The 2d point raised by the bill of exceptions, is, that the plaintiff, by Ills counsel, moved the court to instruct the jury that said account, unsupported by any evidence, except that which appeared upon its face, and the endors ement thereon, was not final and conclusive; but the court overruled the motion, and instructed the jury, that said account, as between the parties to this suit, was final and conclusive; that the duty of the administrator ceased, the moment his account was allowed by the judge of the orphans’ court; that the failure of the judge of probate to report his proceedings to the county court, could not prejudice the rights of the administrator, and that the legal presumption was, that the account had been so reported and acted on by the county court.
It is not necessary to decide the question whether the final account of an administrator, settled in the orphans’court, is final and conclusive, or not; because, in this case, the account is an imperfect one. It purports, on its face, to be the final settlement of the administrator and commissions to the amount of 159 dollars are allowed. By the act of 1824, page 107 the final account of an administrator must pass in review, before the county and probate court; and no commissions can be allowed the administrator, except by that court.
Again: This account shows disbursements, beyond the amount of the estate, and the plaintiff’s claims are not paid, or noticed, although he, (the. administrator,) had legal evidence of their existence againsthim. Neither is the estate declared insolvent; all of which, taken together, are'conclusive evidence of a devastavit; 7 Cranch, 281; 4 Mumf., 252 ; 2 Hen. Mun., 251; 3 Harris & Johns., 251; 4 H. & M., 57; 2 Ser. & R. 518 ; 3 Bibb, 249; 5 Monroe, 61.
I am, therefore, clearly of opinion that the court below erred, in instructing the jury that the account was final and conclusive between the parties.
It also erred in instructing the jury that the presumption of law was, that the account had been acted on by the county and probate court, when the account itself rebutted that presumption: the judgment below must therefore tbe reversed, the cause remanded, and a (venire de novo •awarded.
The court are unanimous.